court-original

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

Tameika M. Mitchell

    Plaintiff

vs

Civil Action No. 3:11cv543/MCR/EMT

Waffle House, Inc.

Jury Trial Demanded

    Defendants

## COMPLAINT

1

### PRELIMINARY STATEMENT

This is an employment related action for violations of the Plaintiff's civil rights by her employer, Waffle House Inc, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec: 2000E et seg. (title VII). The employer engaged in unlawful employment discrimination and wrongful termination in violation of Title VII when the employer decided to wrongfully terminate the plaintiff based on her age, national origin, race and sex and in retaliation for complaining of the illegal activity of other employees. The Plaintiff is representing herself (pro se) in this proceeding.

### JURISDICTION AND VENUE

1. The defendant, Waffle House Inc, employs 20 or more employees at the relevant time in this matter.

2. The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of Waffle House, Inc. which is located in the southern United States. Accordingly the venue lies in the United States District Court for the District of Florida.

JERRY ... CLERK
DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.
11 NOV 10 AM 10: 05

1

FILED

## PARTIES
2

3. The Plaintiff, Tamekia Mitchell is an adult individual who has a mailing address of 9465 Sunnehanna Boulevard, Pensacola, Florida 32514.

4. The Defendant's Corporate Office is located in Atlanta, Georgia.

5. Plaintiff was employed at a Waffle House located in Pensacola, Florida.

6. Defendant's Corporate address is 1155 Peachtree Street NE, Suite 1000, Atlanta, Georgia, 30309.

## STATEMENT OF FACTS

7. The Plaintiff was employed full time since March 2007. From 2007 to 2010, the Plaintiff maintained above average performance ratings throughout her employment with Waffle House Inc.

8. Plaintiff is a black female.

9. Plaintiff was born a U.S. Citizen

10. In 2010 Plaintiff was being falsely accused of stealing from the company by supervisory officials and the employer refused to investigate complaints filed by plaintiff of other employees illegal activities within the company.

11. Plaintiff was singled out by the employer, the employer knew of (Jennifer Newton) white female employee continued illegal activities but fail to take any action against her and allowed this individual to make threats and battery against employees even after the employer discriminated and wrongfully terminated Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES
4

12. The Plaintiff timely filed a complaint of discrimination as well as wrongful termination with U.S. Equal Employment Opportunity Commission in the year 2010. See attached EEOC charge form.

13. The EEOC issued a right to sue letter on August 10, 2011 and it was received 90 days or less before this filing. See attached EEOC Dismissal Notice of Rights.

14. The Plaintiff has performed all conditions precedent, if any, required for the filing and pursuit of a claim for judicial relief under Title VII and its related regulations and under EEOC regulations.

## REMEDIES AND RELIEF

15. The Plaintiff is entitled to relief under Title VII for her employers unlawful discriminatory conduct and retaliation including but not limited to for the employer's disparate treatment of the Plaintiff for engaging in protected activities.

16. Plaintiff requests that the Court enter judgment in her favor and against the Defendant and direct the following relief:

5

A. For money judgment representing compensatory damages, including impending lost wages, and other sums of money including retirement benefits and other employment benefits, together with interest thereon;

B. For money judgment representing liquidated damages for the Defendants willful violations of Title VII and related statutes, regulations and rights;

C. For money judgment representing prejudgment interest;

D. For order directing back pay benefits and possible rehire;

E. For cost of suit;

F. That the Court retain jurisdiction over this action until Defendant has fully complied with orders of this Court and that the Court require Defendants to file such reports as may be necessary to supervise such compliance;

G. For such other and further relief, including punitive damages as may be just and proper.

JURY TRIAL DEMANDED

17. The Plaintiff hereby Demands Jury Trial on all issues in this action.

Wherefore, the Plaintiff respectfully requests that the Court enter judgment in their favor and against the Defendant.

Dated:  November 10, 2011

Respectfully Submitted,

*Tamekia Mitchell*

Plaintiff Pro Se
Address:

Tamekia M. Mitchell
9465 Sunnehanna Blvd.
Pensacola, Florida 32514
Phone – 850-261-9855

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Tamekia M. Mitchell<br>9465 Sunnehanna Boulevard<br>Pensacola, FL 32514 | From: | Mobile Local Office<br>63 S Royal Street<br>Suite 504<br>Mobile, AL 36602 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2010-65152 | Erika LaCour,<br>Local Office Director | (251) 690-2585 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Erika LaCour*      8-10-11

Enclosures(s)      Erika LaCour,      *(Date Mailed)*
Local Office Director

cc:    **WAFFLE HOUSE CORPORATION**
      c/o Erin Payne, Esq.
      1155 Peachtree Street, NE
      Suite 1000
      Atlanta, Georgia 30309